UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID MADDOX,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>YATES, et al,<br><br>　　　　　Defendant. | 1:13-cv-00171-BAM (PC)<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL<br><br>(ECF No. 19) |

　　　　Plaintiff David Maddox ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action. On September 17, 2013, the Court denied Plaintiff's first motion to appoint counsel without prejudice. On May 23, 2014, Plaintiff filed a second motion seeking the appointment of counsel. Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

　　　　Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success on

1

the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

Plaintiff requests the appointment of counsel because he is a layman participating in mental health, he is taking mild altering drugs/pain medication, he is unable to comprehend legal terms and he is unable to pay for a lawyer.  Having considered Plaintiff's request, the Court does not find the required exceptional circumstances.  Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional.  This Court is faced with similar cases almost daily from indigent prisoners.  Plaintiff's assertions regarding his mental health participation, comprehension and use of mind altering drugs/pain medication are unsupported by any evidence, such as current medical records.  Further, at this early stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits, and based on a review of the record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims.  Id.  As found by the Court, Plaintiff has been able to state a cognizable claim for deliberate indifference to serious medical needs in violation of the Eighth Amendment against Defendant Arnellas. (ECF No. 18.)

For the foregoing reasons, Plaintiff's motion for the appointment of counsel is HEREBY DENIED without prejudice.
IT IS SO ORDERED.

Dated:   **May 28, 2014**               /s/ *Barbara A. McAuliffe*
                                        UNITED STATES MAGISTRATE JUDGE