# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID MADDOX,<br><br>       Plaintiff,<br><br>   vs.<br><br>JAMES A. YATES, et al.,<br><br>       Defendants. | Case No. 1:13-cv-00171-BAM PC<br><br>ORDER PROVIDING DEFENDANT WITH THE OPPORTUNITY TO SHOW GOOD CAUSE FOR FAILING TO WAIVE SERVICE |

Plaintiff David Maddox ("Plaintiff"), a former state prisoner proceeding pro se and in forma pauperis, filed this civil rights action on February 4, 2013.

On June 16, 2014, the Court ordered the United States Marshal to serve process on Defendant Arnellas in this case. The Marshal was directed to attempt to secure a waiver of service before attempting personal service on defendant. If a waiver of service was not returned by the defendant within sixty days, the Marshal was directed to effect personal service on the defendant in accordance with the provisions of Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c), without prepayment of costs, and to file the return of service with evidence of any attempt to secure a waiver of service and with evidence of all costs subsequently incurred in effecting personal service.

1

On November 24, 2014, the United States Marshal filed a return of service with USM-285 forms showing charges of $329.44 for effecting personal service on Defendant Arnellas. (ECF No. 26.)  The form shows that a waiver of service form was mailed to Defendant Arnellas on July 16, 2014.

Pursuant to the Court's order, Defendant is required to return the waiver to the United States Marshal and the filing of an answer or a motion does not relieve him/her of this obligation. Defendant Arnellas did not return a waiver, which resulted in the execution of personal service on November 20, 2014.

Defendant Arnellas filed an answer on March 3, 2015.

Rule 4 provides that "[a]n individual, corporation, or association that is subject to service under Rule 4(e), (f), or (h) has a duty to avoid unnecessary expenses of serving the summons." Fed. R. Civ. P. 4(d)(1).  "If a defendant located within the United States fails, without good cause, to sign and return a waiver requested by a plaintiff located within the United States, the court must impose on the defendant . . . the expenses later incurred in making service. . . ." Fed. R. Civ. P. 4(d)(2)(A).

It appears that Defendant Arnellas was given the opportunity required by Rule 4(d)(1) to waive service, but failed to return the waiver to the United States Marshal, although Defendant Arnellas did make an appearance in the action.  The Court shall provide Defendant Arnellas with the opportunity to show good cause for failing to waive service.  If Defendant Arnellas either fails to respond to this order or responds but fails to show good cause, the costs incurred in effecting service shall be imposed.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant Arnellas may, within **thirty (30) days** from the date of this order, show good cause for failing to waive service; and

///

///

///

2.      If Defendant fails to respond to this order or responds but fails to show good cause, the Court shall impose the costs incurred in effecting service.

IT IS SO ORDERED.

Dated:   **March 4, 2015**                             /s/ Barbara A. McAuliffe
                                                                    UNITED STATES MAGISTRATE JUDGE