# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID MADDOX,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JAMES A. YATES, et al.,<br><br>　　　　Defendants.<br>_____ / | Case No. 1:13-cv-00171-BAM (PC)<br><br>ORDER IMPOSING SERVICE COSTS ON DEFENDANT ARNELLAS AND REQUIRING HIM TO REIMBURSE USM $329.44 WITHIN THIRTY DAYS<br><br>(ECF Nos. 25, 28, 30) |

　　　　Plaintiff David Maddox ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on February 4, 2013. This action is proceeding on Plaintiff's complaint against Defendant Arnellas for deliberate indifference to serious medical needs in violation of the Eighth Amendment to the United States Constitution.

　　　　On November 24, 2014, the United States Marshals Service, which was responsible for serving process on Plaintiff's behalf, 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3), filed a request for reimbursement of the expenses incurred in effecting personal service on Defendant Arnellas, Fed. R. Civ. P. 4(d)(2)(a). (ECF No. 25.) On March 4, 2015, the Court ordered Defendant Arnellas to show cause why the expenses for personal service should not be taxed against him, and he filed a response on March 26, 2015. (ECF Nos. 28, 30.)

　　　　Pursuant to the Federal Rules of Civil Procedure, individuals have "a duty to avoid unnecessary expenses of serving the summons." Fed. R. Civ. P. 4(d)(1). "If a defendant located

within the United States fails, without good cause, to sign and return a waiver requested by a plaintiff located within the United States, the court must impose on the defendant . . . the expense later incurred in making service. . . ." Fed. R. Civ. P. 4(d)(2)(A).

Rule 4 imposes a duty to avoid unnecessary costs of service and while a defendant failing to waive service must be given the opportunity to show good cause for the failure, sufficient cause should be rare. *Estate of Darulis v. Garate*, 401 F.3d 1060, 1063-64 (9th Cir. 2005) (citing to Fed. R. Civ. P. 4 Advisory Committee note on 1993 amendments) (quotation marks omitted).  In this case, Defendant Arnellas apparently received the waiver, but neither he nor his counsel signed and returned it.  (ECF No. 30, p. 2, Feser Dec. ¶ 4.)  Thereafter, on November 20, 2014, the United States Marshals Service executed personal service.  Although there is no indication Defendant Arnellas or his counsel acted in bad faith in disregarding the waiver, defense counsel offers no adequate explanation for the failure to return it.  Defense counsel's apparent error related to calendaring the deadline to file an answer does not constitute good cause for failing to waive service. Fed. R. Civ. P. 4(d)(2)(A); *Estate of Darulis*, 401 F.3d at 1063-64.  (ECF No. 30, Feser Dec., ¶¶4-6.)

Accordingly, the Court HEREBY ORDERS as follows:

1. The expenses incurred by the United States Marshals Service in effecting service are imposed against Defendant Arnellas;

2. Defendant Arnellas shall reimburse the United States Marshals Service **$329.44** within **thirty (30) days** from the date of service of this order;[1] and

3. The Clerk's Office shall serve a copy of this order on the Sacramento Division of the United States Marshals Service.

IT IS SO ORDERED.

    Dated:   **April 20, 2015**         /s/ *Barbara A. McAuliffe*
                                                     UNITED STATES MAGISTRATE JUDGE

---

[1] United States Marshals Service, 501 I St., 5th Floor, Sacramento, CA 95814.