# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID MADDOX, | Case No. 1:13-cv-00171-BAM (PC) |
| Plaintiff, | ORDER DISMISSING ACTION, WITH PREJUDICE, FOR FAILURE TO PROSECUTE AND FAILURE TO OBEY COURT ORDER |
| v. | |
| B. ORNELLAS, | (ECF No. 52) |
| Defendant. | ORDER DIRECTING CLERK OF COURT TO TERMINATE PENDING MOTIONS AND CLOSE CASE |

Plaintiff David Maddox ("Plaintiff") is a former state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action currently proceeds on Plaintiff's complaint against Defendant B. Ornellas for deliberate indifference to serious medical needs in violation of the Eighth Amendment. All parties have consented to magistrate judge jurisdiction. (ECF Nos. 9, 50.)

## I.  Background

On May 19, 2016, Defendant filed a motion for summary judgment. Fed. R. Civ. P. 56. (ECF No. 45.) Plaintiff was provided with notice of the requirements for opposing that motion. Woods v. Carey, 684 F.3d 934 (9th Cir. 2012); Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1988); Klingele v. Eikenberry, 849 F.2d 409, 411–12 (9th Cir. 1988). (ECF No. 45, pp. 19-22.)

The notice warned plaintiff that his failure to respond to the motion could be treated as a waiver of any opposition to the granting of the motion, and that judgment may be entered against him. (Id. at 21.) Plaintiff's opposition was due within twenty-one (21) days of service of Defendant's motion. Plaintiff failed to oppose that motion.

On June 20, 2016, Plaintiff was ordered to file an opposition or a statement of non-opposition to Defendant's motion within thirty (30) days. (ECF No. 47.) Plaintiff was expressly warned that the failure to comply with that order would result in dismissal of his action, with prejudice, for failure to prosecute and failure to obey a court order. (Id. at 2.) Plaintiff failed to comply with that order.

On August 2, 2016, the Court issued an order to show cause why this action should not be dismissed, with prejudice, for failure to prosecute and failure to obey a court order. (ECF No. 52.) A written response was due within fourteen (14) days of service of that order. Plaintiff was also expressly warned that this was his final opportunity to show good cause why this action should not be dismissed, with prejudice, for failure to prosecute and failure to obey a court order. (Id. at 2.) Plaintiff has not filed any response to the order to show cause, and has not otherwise been in contact with the Court.

**II.     Discussion**

Local Rule 110 provides that "[f]ailure . . . of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court."  District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.  See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Malone v. U.S. Postal Service, 833 F.2d 128, 130-33 (9th Cir. 1987) (dismissal for failure to comply with court order).

In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); Carey v. King, 856 F.2d 1439 (9th Cir. 1988).

This action has been pending for more than three years, and Plaintiff has been served with Defendant's motion for summary judgment for over three months without any response or opposition. Plaintiff is obligated to comply with the Local Rules, and was expressly ordered by the Court to file a response to Defendant's motion. When Plaintiff failed to comply with that order, he was again given another opportunity to show cause why his action should not be dismissed. Despite Plaintiff's duty to comply with all applicable rules and the Court's warnings and orders, Plaintiff did not file any response. The Court cannot effectively manage its docket if a party ceases litigating the case. Thus, both the first and second factors weigh in favor of dismissal.

The third factor, risk of prejudice to defendant, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). Because public policy favors disposition on the merits, the fourth factor usually weighs against dismissal. Pagtalunan v. Galaza, 291 F.3d 639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction," which is the case here. In re PPA, 460 F.3d at 1228.

Finally, the court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "considerations of the alternatives" requirement. Ferdik, 963 F.2d at 1262; Malone, 833 at 132-133; Henderson, 779 F.2d at 1424. The Court's June 20, 2016 order to show warned Plaintiff that his failure to comply with that order would result in dismissal of this action, with prejudice, for failure to prosecute and failure to obey the Court's order. (ECF No. 47, p. 2.) The Court's August 2, 2016 order to show cause also warned Plaintiff that any failure to show good cause for his non-compliance with the Court's orders would result in dismissal of this action, with prejudice. (ECF No. 52, p. 2.) Thus, Plaintiff had adequate warning that dismissal could

result from his noncompliance. Also, at this stage in the proceedings there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Plaintiff is proceeding in forma pauperis in this action, making monetary sanctions of little use, and the preclusion of evidence or witnesses is likely to have no effect given that Plaintiff has ceased litigating his case.

In summary, Plaintiff filed this action but is no longer prosecuting it. The Court cannot afford to expend resources resolving unopposed dispositive motions in a case which Plaintiff is no longer prosecuting.

### III.    Conclusion and Order

For the reasons explained above, the Court finds that dismissal is the appropriate sanction and HEREBY ORDERS as follows:

1.    This action is dismissed, with prejudice, for failure to prosecute and for failure to obey a court order; and

2.    The Clerk of the Court shall enter judgment accordingly, terminate all pending motions, and close this case.

IT IS SO ORDERED.

Dated:    **August 30, 2016**             /s/ *Barbara A. McAuliffe*         
                                     UNITED STATES MAGISTRATE JUDGE

4